UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ANGIE WILLIAMS,

      Plaintiff,

vs.                                                     Case No.  8:11-cv-462-T-MCR

CAROLYN W. COLVIN,
Commissioner of Social Security

      Defendant.
_____/

# O R D E R

**THIS CAUSE** is before the Court on Plaintiff's Second Amended Motion for an Award of Attorney Fees Under 42 U.S.C. § 406(b) (Doc. 32) filed December 31, 2013. According to Plaintiff, the Commissioner does not oppose to the proposed fee. (Doc. 32, ¶ 7).

## I.    BACKGROUND

Plaintiff's counsel, who obtained a sentence four remand/reversal of denial of benefits for his client in this social security appeal (see Doc. 23, Final Order reversing and remanding case to Commissioner), received an award of EAJA fees in the amount of $3,864.62 for 21.4 hours of work on this case. (See Doc. 28).  As a result of that remand, the Commissioner issued a decision favorable to Plaintiff and awarded Plaintiff past-due social security disability benefits in the amount of $80,097.00.  (Doc. 32-3). Pursuant to 42 U.S.C. § 406(b), the Commissioner normally sets aside approximately 25% of a plaintiff's past-due benefits award in escrow for the possible payment of attorney's fees.  In this case, the Commissioner set aside $6,000.00 rather than 25% of

the past-due benefits (which would have been $20,024.25).  It appears the Commissioner did this because the Contingency Fee Agreement entered into between Plaintiff and his attorney indicated that if the Social Security Administration (SSA) favorably decided any SSA claim, Plaintiff's attorney would be paid a fee "equal to 25% of the past due benefits resulting from [Plaintiff's] claim or $6,000, whichever is less." (Doc. 32-4).  However, this provision only applied to the administrative process.  A second Fee Agreement provided that with respect to further appeals, Plaintiff's attorney would be entitled to 25% of the past-due benefits for any Federal Court work done. (See Doc. 32-5).

In this application, Plaintiff's counsel presumably seeks recovery for the same hours she claimed in her EAJA application.

## II.     ELIGIBILITY FOR AWARD OF FEES

Under 42 U.S.C. § 406(b), an attorney who secures a favorable result for his client upon remand from federal court may petition the Court for a fee not in excess of 25% of the total past-due benefits to which the claimant is entitled.  42 U.S.C. § 406(b)(1)(A).  In capping the fee at 25%, "Congress . . . sought to protect claimants against 'inordinately large fees' and also to ensure that attorneys representing successful claimants would not risk 'nonpayment of [appropriate] fees." Gisbrecht v. Barnhart, 535 U.S. 789, 806, 122 S.Ct. 1817 (2002) (citations omitted).  "Within the 25% boundary . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered."  Id. at 807.  The Court's § 406(b) reasonableness analysis is not meant to supplant the contingency-fee arrangement, which the Supreme Court recognized as the most common fee arrangement in social security cases.  Id. at

800.  In fact, the Supreme Court counsels that the parties' fee agreement is the first place the Court should turn in assessing the reasonableness of a fee.  <u>Id.</u> at 808.  Other key considerations include the character of the representation and the results the representation achieved.  <u>Id.</u>  For example, "[i]f the attorney is responsible for delay" or "[i]f the benefits are large in comparison to the amount of time spent on the case" the Court may appropriately reduce the fee.  <u>Id.</u>

The Court previously found Plaintiff's counsel reasonably expended 21.4 hours prosecuting this case.  (<u>See</u> Doc. 28).  The Court has now reviewed the contingent fee contract and has considered the character of the representation and the results counsel achieved and finds that the contingent fee is reasonable in this case.[1]  Plaintiff's counsel is therefore entitled to an award of 25% of the past due recovered ($80,097.00 x .25 = $20,024.25) less the $6,000.00 counsel has been awarded pursuant to 42 U.S.C. § 406(a) for administrative work for a total of $14,024.25.  The contingent fee contract provided Plaintiff would pay her attorney 25% of the past-due benefits resulting from Plaintiff's Federal Court claim.  (<u>See</u> Doc. 32-5).  Plaintiff's counsel has requested $6,420.00 in attorney's fees which is about 8.0% of the past-due benefits.

Plaintiff's counsel has already recovered $3,864.62 in EAJA fees in this case.  In order to prevent "double-dipping" Plaintiff's counsel could refund the EAJA fee to Plaintiff upon receipt of the 406(b) award, or alternatively, that sum could be deducted from Plaintiff's counsel's recovery of any escrowed sum.  In Plaintiff's motion, Plaintiff

---

[1] The court has also taken into account that the Commissioner has not objected to the instant fee request.  Thus, this decision should not be viewed as precedent in a case where the rate is contested.

suggested the former method and as the Commissioner does not object, the Court will permit it.

Accordingly, it is hereby

**ORDERED**:

Plaintiff's Second Amended Motion for Award of Attorney Fees Under 42 U.S.C. 406(b) (Doc. 32) is **GRANTED**. The Court finds that a reasonable attorney fee for Plaintiff's counsel, Michael Steinberg, for representation of Plaintiff in this Court is **$6,420.00**. The Commissioner is ordered to pay said sum to Michael Steinberg. Plaintiff's attorney is directed to refund to Plaintiff $3,864.62 representing the fee already paid to Plaintiff's counsel under his EAJA applications. The Clerk shall enter Judgment accordingly.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this 6th day of January, 2014.

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record